IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| ROBERT CALE SEIGLER,<br><br>    Plaintiff,<br><br>vs.<br><br>MHART EXPRESS, INC., CUMMINS, INC., AND JOHN DOE, A FICTITIOUS NAME REPRESENTING AN UNIDENTIFIED PERSON OPERATING A MOTOR VEHICLE,<br><br>    Defendants. | Civil Action No.  5:22-4070-TLW<br><br>**NOTICE OF REMOVAL** |

TO:  G. LEE COLE, JR., ESQUIRE, ATTORNEY FOR PLAINTIFF:

YOU WILL PLEASE TAKE NOTICE that the Defendant Mhart Express, Inc., with the express consent of Defendant Cummins, Inc. (the only other Defendant served in this matter), removes Case No. 2022-CP-38-01184 from the Circuit Court of Orangeburg County, South Carolina, into the United States District Court, District of South Carolina, Orangeburg Division pursuant to 28 U.S.C. §§ 1441(b), 1332, and 1446.  This removal is proper on the following grounds:

1. A civil action has been commenced and is now pending in the Circuit Court of Orangeburg County, State of South Carolina, styled *Robert Cale Seigler vs Mhart Express, Inc., Cummins, Inc., and John Doe, a fictitious name representing an unidentified person operating a motor vehicle,* Civil Action Number 2022-CP-38-01184 (the "State Court Action").  A copy of the Complaint is attached as **Exhibit A** hereto.

2. Defendant Mhart Express, Inc. was served via mail with the Summons and

Complaint on or about October 18, 2022 but first received the filed Summons and Complaint on or about October 21 or 24, 2022. Defendant Cummins, Inc. was served with the Summons and Complaint on or about October 20, 2022. Pursuant to 28 U.S.C. §1446, this Notice of Removal is filed within thirty (30) days of both receipt of and service upon the Defendants Mhart Express, Inc. and Cummins, Inc. of the initial pleadings setting forth the claim upon which relief is requested. The Complaint also identifies a John Doe defendant, whom Defendants understand has not been served and whose residency is not alleged in the Complaint. The Defendants will serve their Answers or other responsive pleading as provided by law.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(a)

3.      This action arises out of an alleged vehicle incident that occurred on Interstate 26 in Orangeburg County, South Carolina on August 22, 2019. The Complaint asserts a cause of action for negligence against all Defendants allegedly arising out of Plaintiff's claims that John Doe driver "may have caused or contributed the motor vehicle collision described herein" with Plaintiff while Defendant John Doe was using a vehicle for work purposes owned by one or more of the Defendants. Plaintiff also claims that one or more Defendants was negligent, grossly negligent, careless, reckless, willful, wanton, *inter alia*, in the training, supervision and entrustment of Defendant John Doe with its vehicle as its employee.

4.      Plaintiff is seeking relief for alleged actual damages, including but not limited to, medical expenses, property damage, mental and emotional suffering and pain and suffering. Plaintiff is also seeking punitive damages against Defendants. South Carolina's statutory cap on damages is three times the actual damages or $500,000.00, whichever is greater. Therefore Plaintiff's claim for punitive damages is, on its face, alleging a claim for up to $500,000,00. Defendants deny Plaintiff is entitled to these damages as a result of the accident; nevertheless,

the amounts claimed and Plaintiff's prayer for punitive damages, as well as the unspecified actual damages allegations, put this controversy well over the $75,000 jurisdictional threshold under 28 U.S.C. §1332(a). *See also Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530, 532 (D.S.C.1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount").

5. Plaintiff alleges that he is a resident of Anderson County, State of South Carolina.

6. Defendant Mhart Express, Inc. is a company incorporated in Indiana and doing business in South Carolina. This fact is also alleged by Plaintiff in his complaint. *See* Complaint, ¶ 2. Defendant Mhart Express, Inc.'s principal place of business is not in South Carolina.

7. Defendant Cummins, Inc. is a company incorporated in Indiana and doing business in South Carolina. This fact is also alleged by Plaintiff in his complaint. *See* Complaint, ¶ 3. Defendant Cummins, Inc.'s principal place of business is not in South Carolina.

8. Defendant John Doe is an unnamed and unserved defendant without any allegation from Plaintiff as to his alleged state of residence. *See* Complaint, ¶ 4.

9. Therefore, the Defendants are entitled to removal of the aforesaid action to this Court as this action is one in which the United States District Courts have original jurisdiction under 28 U.S.C. §1332(a), because the action involves a controversy which is wholly between citizens of different states and, upon information and belief, alleges more than $75,000 is at stake, exclusive of interest and costs.

**PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED**

10. Pursuant to 28 U.S.C. §1446(a) and Local Rules 83.IV.01 and IV.02 DSC this Notice of Removal has been prepared and provided to the Honorable Winnifa Brown-Clark, Clerk of Court of Orangeburg County and all adverse parties.

11. Further, this Notice of Removal was filed within thirty (30) days of Defendants' initial receipt of the filed Summons and Complaint and a true and correct copy of all pleadings, process, orders and documents from the State Court Action served upon Defendants were filed with this Notice of Removal. (*See* **Exhibits A and B**).

12. All Defendants who have been served expressly consent to the removal of this case. The John Doe Defendant is fictitious and has not been served.

13. Venue is proper in the Court pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446(a) because the U.S. District Court for the District of South Carolina, Orangeburg Division is the federal judicial district embracing the Circuit Court for Orangeburg County, South Carolina where the State Court Action was originally filed.

## CONCLUSION

14. By this Notice of Removal, the Defendants do not waive any objections it may have as to service, jurisdiction or venue, or any defenses or objections it may have to this action. The Defendants intend no admission of fact, law, or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, these Defendants give notice that the aforesaid action is removed from the Circuit Court of Orangeburg County, State of South Carolina, and to this Court for trial and determination.

*(SIGNATURE PAGE TO FOLLOW)*

                MCANGUS GOUDELOCK & COURIE, L.L.C.

                *s/ Sterling G. Davies*
                STERLING G. DAVIES (Federal ID No. 6288)
                sdavies@mgclaw.com
                KEELY M. MCCOY (Federal ID No. 9594)
                keely.mccoy@mgclaw.com
                Post Office Box 12519
                1320 Main Street, 10th Floor (29201)
                Columbia, South Carolina 29211
                Telephone: (803) 779-2300
                Facsimile: (803) 748-0526
                ATTORNEYS FOR MHART EXPRESS, INC.

November 15, 2022
Columbia, South Carolina